Judge Caisei.i,
delivered the opinion of the Court.*
Both the demurrers were argued before the County Court. That Court expressly pronounced Judgment on the demurrer to the Declaration; and the rendition of final Judgment in favor of the Plaintiff in the action, upon Ihe verdict of the Jury, necessarily involved o Judgment upon ihe demurrer to the evidence, to which the vertlicl had been made subject.
The only question in the cause, is, as to the character of the bill penal, on which the suit was brought. No person is bound in it by name. The bill, in its terms, is in the singular number throughout; “ I bind myself, Sic.;’’ as if executed by one person only. But, it is signed and sealed by both of the Defendants. The question is, whether it be joint and several.
A promissory note, executed in the self same terms, and signed by t\vo persona, would unquestionably be considered the joint and several note of both and of each of them. Bayley on Bills, 37. New edition. The case of Marsh v. Ward, Peake’s Rep. 130; Clarke v. Blackstock, Holt’s Rep. 474, and 3 Common Law Rep. 159.
A particular form of expression which will make an unsealed contract joint and several, will not cease to make it so, merely because Heals are added to it. The effect of the seals is not to change the meaning of the parties, but merely to add to the solemnity and dignity of the instrument.
The Judgment is affirmed.

Absent, Judges Giiei.k, and Coalteii.